UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK CAVANAUGH, not individually, but as the Receiver of the Overall Receivership Estate,<br><br>                        Plaintiff<br><br>  vs.<br><br>DAVENPORT VENTURES II, LLC;<br>CAPTAIN'S CAY HOTEL DAVENPORT, LLC;<br>NIRAJ V. PATEL; AJAY G. PATEL;<br>U.S. SMALL BUSINESS ADMINISTRATION;<br>UNKNOWN OWNERS AND NON-RECORD CLAIMANTS,<br><br>                        Defendants. | Case No. 15-cv- |

## COMPLAINT FOR FORECLOSURE AND OTHER RELIEF

Plaintiff Patrick Cavanaugh, not individually, but solely in his capacity as receiver of the Overall Receivership Estate (the "Overall Receiver"), by and through undersigned counsel, for his complaint for foreclosure and other relief against the above-named Defendants, respectfully states as follows:

## PARTIES

1. Pursuant to the *Agreed Order Clarifying, Modifying and Expanding the Duties of Receiver Michael Nanosky and to Appoint an Overall Receiver and Regarding Payments to Attorneys and Other Professionals and Related Items* entered by this Court on April 23, 2015, as amended and supplemented (the "Receivership Order")[1] in case no. 14-CV-7581 (the "Receivership Case"), the Overall Receiver is the duly-appointed receiver of the all of the assets of First Farmers Financial, LLC f/k/a First Farmers Bancorp, LLC ("FFF"). Pursuant to the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Receivership Order.

Receivership Order, the Overall Receiver is authorized to prosecute actions to recover assets belonging to the Overall Receivership Estate or in which the Overall Receivership Estate asserts a right or interest, including the interests of FFF as mortgagor of the subject property. For jurisdictional purposes, the Overall Receiver is a citizen of the State of Illinois.

2. Davenport Ventures II, LLC ("DV II") is a Florida limited liability company, the last known grantee and owner of record of the subject property, and obligor on the indebtedness in question.

3. Captain's Cay Hotel Davenport, LLC ("CCHD") is a Florida limited liability company, the original mortgagor of the subject property, and original obligor on the indebtedness in question.

4. Niraj V. Patel ("Niraj") is believed to be a citizen of Florida and, at all relevant times, the sole, managing member of CCHD.

5. Ajay G. Patel ("Ajay") is believed to be a citizen of Florida and, at all relevant times, the sole, managing member of DV II.

6. U.S. Small Business Administration ("SBA") is a governmental unit of the United States and may assert an interest in the subject property, which was pledged as collateral for a loan that FFF sold in SBA's secondary market program established pursuant to section 503 of the American Recovery and Reinvestment Act of 2009.

7. The Overall Receiver names as Defendants all Unknown Owners and Non-Record Claimants who may be interested in this action and who may have or claim some right, title, interest or lien in, to or upon the real estate, or some part thereof, that the Overall Receiver seeks to foreclose and whose identities are unknown to the Overall Receiver and on diligent inquiry cannot be ascertained.

**JURISDICTION**

8. This Court has subject matter jurisdiction over the Receivership Case pursuant to 28 U.S.C. § 1332. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) because this action is ancillary to this Court's subject matter jurisdiction over the Receivership Case.

9. In addition, and in the alternative, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because the action is between citizens of different states.

10. This Court has personal jurisdiction over each of the Defendants and the subject property pursuant to 28 U.S.C. § 1692 because the Overall Receiver has complied with 28 U.S.C. § 754 by filing a copy of the Receivership Order in the Middle District of Florida, among other judicial districts.

11. Venue is proper in this District under 28 U.S.C. § 754.

**COUNT I – FORECLOSURE OF MORTGAGE AND ENTRY OF DEFICIENCY JUDGMENT ON NOTE AGAINST DAVENPORT VENTURES II, LLC**

12. In Count I of this Complaint, the Overall Receiver seeks foreclosure of FFF's mortgage hereinafter described and other relief, and joins the following parties as Defendants: DV II; CCHD; Niraj; Ajay; SBA; and Unknown Owners and Non-Record Claimants.

13. Attached hereto as Exhibit A is a true copy of the Loan Agreement dated April 30, 2012 by and between CCHD and FFF (the "Loan Agreement"), whereby CCHD borrowed the principal amount of $3,777,158.00 (the "Loan") to purchase and develop certain real property located at 44199 US Highway 27 South, Davenport, Polk County, Florida 33897, consisting of a 150 room motel, as more specifically described herein (the "Property").

14. Attached hereto as <u>Exhibit B</u> is a true copy of the Promissory Note in the sum of $3,777,158.00 made by CCHD payable to the order of FFF (the "<u>Note</u>"), secured by a Mortgage and Security Agreement of even date.

15. Attached hereto as <u>Exhibit C</u> is a true copy of the Mortgage and Security Agreement dated April 30, 2012 by and between CCHD and FFF (the "<u>Mortgage</u>"), which secures the Note.

16. Attached hereto as <u>Exhibit D</u> is a true copy of the Assignment of Leases and Rentals dated April 30, 2012 by and between CCHD and FFF (the "<u>CCHD Assignment of Rents</u>").

17. Attached hereto as <u>Group Exhibit E</u> are true copies of UCC-1 Financing Statements filed with the Florida Secretary of State and recorded in Polk County, Florida on May 3, 2012 and May 14, 2012, respectively (the "<u>CCHD Financing Statements</u>"), identifying CCHD as debtor and FFF as secured party with respect to certain collateral as specified therein.

18. Attached hereto as <u>Exhibit F</u> is a true copy of the Guaranty dated April 20, 2012 (the "<u>Guaranty</u>") whereby Niraj absolutely and unconditionally guaranteed CCHD's liabilities and obligations to FFF arising from or in connection with the Loan Agreement and related Loan Documents, which are defined to include the Note, the Mortgage, the CCHD Assignment of Rents, and the CCHD Financing Statements.

19. Attached hereto as <u>Exhibit G</u> is a true copy of the Assumption Agreement dated May 30, 2014, by and between CCHD, DV II, and FFF (the "<u>Assumption Agreement</u>"), whereby DV II assumed liability for CCHD's obligations under the Loan Documents in connection CCHD's sale of the Property to DV II. The Assumption Agreement modified the Mortgage to identify DV II as mortgagor. The Assumption Agreement did not release CCHD's obligations

under the Loan Documents, and it did not release the Guaranty. The Assumption Agreement was recorded in Polk County, Florida on June 17, 2014 as document no. 9271/1844.

20. Attached hereto as Exhibit H is a true copy of the Assignment of Leases and Rents dated May 30, 2014 by and between DV II and FFF (the "DV II Assignment of Rents"). The DV II Assignment of Rents was recorded on June 17, 2014 as document no. 9271/1836.

21. Attached hereto as Group Exhibit I are true copies of the UCC-1 Financing Statements filed with the Florida Secretary of State and recorded in Polk County, Florida on June 17, 2014 (the "DV II Financing Statements"), identifying DV II as debtor and FFF as secured party with respect to certain collateral as specified therein.

22. Additional Information Concerning the Mortgage:

    a. Nature of instrument: real estate mortgage and security agreement

    b. Date of mortgage: April 30, 2012, as amended by Assumption Agreement dated May 30, 2014

    c. Name of mortgagor: Davenport Ventures II, LLC

    d. Name of mortgagee: First Farmers Financial, LLC f/k/a First Farmers Bancorp, LLC

    e. Date and place of recording of Mortgage: Mortgage recorded in Polk County, Florida on May 14, 2012

    f. Identification of recording: Document No. 08647/2024

    g. Nature of mortgagor's interest at time of execution of mortgage: fee simple title conveyed as security

    h. Amount of original indebtedness: $3,777,158.00

  i. Legal description of mortgaged premises, common address and tax identification:

    i. Legal description: See <u>Exhibit J</u>

    ii. Common address: 44199 US Highway 27 South, Davenport, FL 33897

    iii. Permanent Index No.: 072627-000000-041090

 j. Statement as to defaults: The Loan is in default by virtue of DV II's failure to pay monthly installments of principal and interest due under the Note for the months of October and November 2015. By reason of this default, the Overall Receiver has elected to and does hereby declare immediately due and payable the entire principal balance and all other sums secured by the Mortgage. The balance for the Loan now due and owing, including principal and accrued interest through November 5, 2015, is $3,501,852.52. Under the Note, interest accrues at a per diem rate of $462.05. In addition, the Overall Receiver seeks the recovery of all prepayment penalties, costs and expenses of this action.

 k. Name present owner of premises: Davenport Ventures II, LLC

 l. Names of other persons who are joined as Defendants and whose interest in or lien on the mortgaged real estate is subordinate to that of the Overall Receiver and is sought to be terminated: Captain's Cay Hotel Davenport, LLC; Niraj V. Patel; Ajay G. Patel; U.S. Small Business Administration. In addition to persons identified herein by name there are other persons who may be interested in this action or who may have some right, title, interest or lien in, to or upon the real estate, or some part thereof, in this claim described; that the

name of each such other person is unknown to the Overall Receiver and on diligent inquiry cannot be ascertained, and all such persons are therefore made Defendants to this action by the name and description "Unknown Owners", but the interests of said parties, if any, are subject, inferior, and subordinate to the lien of the Mortgage being foreclosed herein. In addition to persons designated by name herein and the Unknown Owners herein above referred to there are other persons who may be interested in this action and who may have or claim some right, title, interest or lien in, to or upon the real estate, or some part thereof, in this complaint described which have been designated herein as "Non-record Claimants"; that the name of each of such other persons is unknown to the Overall Receiver and on diligent inquiry cannot be ascertained, and all such persons are therefore made Defendants to this action by the name and description of "Non-record Claimants", and their interest, if any, is subject, inferior and subordinate to the lien of the Mortgage being foreclosed herein.

m. Names of Defendants claimed to be liable for deficiency, if any: Davenport Ventures II, LLC; Captain's Cay Hotel Davenport, LLC; and Niraj V. Patel

n. Capacity in which Plaintiff brings this suit: the Overall Receiver is the duly-appointed receiver of the all of the assets of FFF pursuant to the Receivership Order, and the Overall Receiver is authorized to prosecute actions to recover assets belonging to the Overall Receivership Estate or in which the Overall Receivership Estate asserts a right or interest, including the interests of FFF in the Mortgage.

    o. Statement that the right of redemption has been waived by property owner: pursuant to the terms of the Mortgage, the property owner/mortgagor has waived any and all rights of redemption, any notice of default or mortgagee's election to exercise remedies, and any right to have the mortgaged property marshalled.

    p. Facts in support of request for reasonable attorneys' fees, costs and expenses: pursuant to the terms of the Note and the Mortgage, the Overall Receiver is entitled to recover reasonable paralegal fees, attorneys' fees and costs, and other costs and expenses incurred in connection with the enforcement of the Mortgage.

    q. Facts in support of a request for appointment of Overall Receiver as receiver for the Property: pursuant to the terms of the Mortgage, the property owner/mortgagor agreed that the mortgagee could apply to any court of competent jurisdiction to have a receiver appointed to enter upon and take possession of the mortgaged property, collect the rents and profits therefrom and apply the same as the court may direct, with the expenses, including receiver's fee, counsel's fees, costs and agent's commission to be secured by the Mortgage.

**WHEREFORE**, the Overall Receiver requests:

A. Entry of a judgment to foreclose the Mortgage and all personal property and fixtures subject to the DV II Financing Statements, including a finding that the interests of any and all named Defendants are junior and subservient to the mortgage lien being foreclosed herein and the termination of leaseholds, if any;

B. Entry of an order enforcing the DV II Assignment of Rents;

C. Entry of an order appointing the Overall Receiver as receiver for the mortgaged property;

D. Entry of an order authorizing a sale of the Property by the Overall Receiver;

E. Entry of a deficiency judgment, including an award of reasonable attorneys' fees, costs and expenses, and receiver's fees, costs and expenses, against Davenport Ventures II, LLC; and

F. Such other and further relief as the Court deems equitable and just, including, but not limited to, declaratory and injunctive relief.

### COUNT II – ACTION UNDER NOTE AGAINST CAPTAIN'S CAY HOTEL DAVENPORT, LLC

23. The Overall Receiver repeats and realleges paragraphs 1 through 22 of the Complaint as paragraph 23 of Count II.

24. In Count II of the Complaint, the Overall Receiver seeks entry of judgment under the Note against CCHD.

25. Pursuant to the Loan Documents, CCHD borrowed the principal amount of $3,777,158.00 from FFF.

26. CCHD executed the Note and agreed to repay the Loan.

27. FFF performed its obligations under the Loan Documents by, *inter alia*, loaning money to CCHD.

28. FFF did not release CCHD of its obligations under the Loan Documents in the Assumption Agreement.

29. Under the terms of the Note, CCHD is liable for all outstanding indebtedness due FFF under the Note, together with all accrued interest, additional charges, and the costs and expenses of collection, including reasonable attorneys' fees.

30. The Note is in default based on DV II's failure to pay monthly principal and interest due thereunder.

31. The balance now due and owing under the Note, including principal and accrued interest through November 5, 2015, is $3,501,852.52. Under the Note, interest accrues at a per diem rate of $462.05.

**WHEREFORE**, the Overall Receiver requests:

A. Entry of a judgment in favor of the Overall Receiver and against CCHD in the amount due and owing under the Note as of the date of such judgment, including principal, interest, and the Overall Receiver's costs and expenses of collection, including reasonable attorneys' fees and costs; and

B. Such other and further relief as the Court deems equitable and just.

### COUNT III – ACTION UNDER GUARANTY AGAINST NIRAJ V. PATEL

32. The Overall Receiver repeats and realleges paragraphs 1 through 31 of the Complaint as paragraph 32 of Count III.

33. In Count III of the Complaint, the Overall Receiver seeks entry of judgment under the Guaranty against Niraj.

34. Pursuant to the Guaranty, Niraj absolutely and unconditionally guaranteed CCHD's liabilities and obligations to FFF arising from or in connection with the Loan Agreement and related Loan Documents.

35. Pursuant to the Loan Documents, CCHD borrowed the principal amount of $3,777,158.00 from FFF.

36. CCHD executed the Note and agreed to repay the Loan.

37. FFF performed its obligations under the Loan Documents by, *inter alia*, loaning money to CCHD.

38. FFF did not release CCHD of its obligations under the Loan Documents in the Assumption Agreement.

39. FFF did not release the Guaranty in the Assumption Agreement.

40. Under the terms of the Note, CCHD is liable for all outstanding indebtedness due FFF under the Note, together with all accrued interest, additional charges, and the costs and expenses of collection, including reasonable attorneys' fees.

41. The Note is in default based on DV II's failure to pay monthly principal and interest due thereunder.

42. Under the Guaranty, Niraj is liable for all amounts currently due and owing under the Note.

43. The balance now due and owing under the Note, including principal and accrued interest through November 5, 2015, is $3,501,852.52. Under the Note, interest accrues at a per diem rate of $462.05.

**WHEREFORE**, the Overall Receiver requests:

A. Entry of a judgment in favor of the Overall Receiver and against Niraj V. Patel in the amount due and owing under the Note as of the date of such judgment, including principal, interest, and the Overall Receiver's costs and expenses of collection, including reasonable attorneys' fees and costs; and

B. Such other and further relief as the Court deems equitable and just.

        Respectfully submitted,

        Patrick Cavanaugh, not individually, but solely in his capacity as Overall Receiver of the Overall Receivership Estate

Dated: December 7, 2015        By /s/ *Gordon E. Gouveia*
                                        One of his attorneys

Steven B. Towbin
Richard A. Saldinger
Allen J. Guon
Gordon E. Gouveia
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
stowbin@shawfishman.com
rsaldinger@shawfishman.com
aguon@shawfishman.com
ggouveia@shawfishman.com

*Counsel for the Overall Receiver*